UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   Plaintiff/Respondent,

   v.                                   **CIV. NO. 03-172 MV/ACT**
                                          **CR. NO. 00-1341 MV**

**EMMANUEL N. OHIRI**,

   Defendant/Movant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS

### AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Emmanuel N. Ohiri's ("Ohiri") Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed February 4, 2003. Ohiri asserts that his plea was involuntary and appears to argue that his counsel was ineffective. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Ohiri is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255, *Trice v. Ward* 196, F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

### PROPOSED FINDINGS

Factual and Procedural Background.

      1.      On October 4, 2000, a federal grand jury returned a twenty-five count indictment charging General Waste Corporation ("GWC"), Ohiri, and John Thomas Morris ("Morris") with conspiracy to transport store, and dispose of hazardous waste in violation of the Resources and Conservation Recovery Act ("RCRA"), 42 U.S.C. §§6928(d)(1), (d)(2)(A), (d)(3), (d)(4), and

(d)(5).       2.       On March 20, 2001, Morris pled guilty to three counts of making false material statements on hazardous waste manifests.  The plea agreement provided that Morris would cooperate with the government, and that if he cooperated in compliance with the plea agreement, the United Sates would have the discretion to move for a downward departure pursuant to United States Sentencing Guidelines ("USSG") 5K1.1.

3.       On February 13, 2002, the grand jury returned a twenty-six count superceding indictment against GWC, Ohiri and Morris which again accused them of conspiracy to transport, store, and dispose of hazardous waste, and of illegally transporting and storing hazardous waste in violation of RCRA.  On March 5, 2002, Ohiri and GWC pled guilty to three counts of illegally storing hazard waste.  On December 18 and 19, 2002, the Court held a sentencing hearing for all three Defendants and Ohiri was present during all proceedings.  The Court sentenced Morris to three years probation.  The government did not file a motion for downward departure on Morris' behalf.

4.       The government presented evidence on Ohiri's sentencing hearing on two contested issues; whether Ohiri obstructed justice and whether he was a leader or organizer in the criminal offense.  The Court found that Ohiri engaged in obstruction of justice and also was a leader and organized in the offense.  The Court sentenced Ohiri to fifteen (15) months in prison and three (3) years supervised release, and ordered him to pay $16,395 in restitution to the New Mexico Environmental Department Hazardous Waste Bureau, a fine of $25,000 and a $100 special assessment as to each count, for a total of $300.

5.       Judgment was entered on December 26, 2002.  Plaintiff filed this Motion on February 4, 2003.  The government responded on March 10, 2003.  The Court denied Ohiri's's Motion for a New Trial, a New Sentencing, or a "Correction" of Sentence on May 14, 2003.

Validity of the Guilty Plea.

6.   Ohiri asserts that his plea was involuntary because he opposed entering a guilty plea, was coerced into entering the plea and asked that it be withdraw prior to his sentencing. He further states he did not know about the agreement between the government and Morris, the acceptance of responsibility letter by Morris or the government's refusal to seek a downward depart pursuant to §5.K.1 of the Sentencing Guidelines at the time of sentencing. Ohiri further asserts that he wanted to withdraw his guilty plea at sentencing but was not permitted to do so by his attorney.

7.   A guilty plea must be shown to be intelligent and voluntary before the court will accept it. *Boykin v. Alabama*, 395 U.S. 238 (1969). Fed.R.Crim.P.11(c)(1) provides that, prior to accepting a guilty plea, the court must inform the defendant of the nature of the charge to which the plea is offered. Fed.R.Crim.P. 11(f) requires "the judge should not enter a judge upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

8.   It is clear from a review of the record that Ohiri's plea was voluntary and intelligent and thus was constitutionally valid. *Bousley v. United States*, 523 U.S. 614, 618 (1998). Ohiri signed the plea agreement and in signing represented that his guilty plea was "freely and voluntarily made and not the result of force or threats or promises part from those set forth in the plea agreement." Plea agreement, dated March 4, 2002, p. 8. In signing, Ohiri also affirmed that "I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sing it." *Id.* at 10.

9.   The plea agreement itself states that Ohiri had a right to plead not guilty, to have a trial by jury, to confront and cross-examine witnesses and to call witnesses in his defense and to not be compelled to incriminate himself. *Id.* at 1. The agreement states that Ohiri has agreed to waive these

rights and plead guilty to three counts of illegally storing hazardous waste. *Id*. at 2. The agreement sets forth the maximum penalties Ohiri faced and also stated that the final sentencing range and guidelines level and the actual sentence imposed would be determined by the Court. *Id*. at 2-3.

10. A plea hearing was held on March 5, 2002. At this hearing, Ohiri's counsel, John Cline, reviewed the stipulations in the agreement with Ohiri. Transcript, March 5, 2002, pp. 3-10. The Court reviewed the constitutional rights that Ohiri was giving up by pleading guilty, the maximum penalties he faced, and what the government would have to prove if he went to trial. *Id*. at 18-27. During the hearing, the Court informed Ohiri that he could consult with his attorney privately at any time during the hearing. *Id*. at 12. He did consult with his attorney on one occasion. *Id.* at 20. Near the end of the hearing, when asked, Ohiri declined to consult with his counsel. *Id*. at 30. When asked if "anyone has done anything to force you to come to court to plead guilty to any of these charges?" Ohiri answered "[n]o, your Honor." *Id*. at 16-17. Ohiri also was asked whether he was satisfied with the representation he received from his attorney and he replied, "[y]es your Honor." *Id*. at 14. Moreover, the Court specifically pointed out to the Defendant that in the plea agreement that Ohiri had agreed not to file a motion for a downward departure. *Id*. at 16; Agreement, p. 3.

11. At the conclusion of the plea hearing, the Court found that Ohiri understood his constitutional rights and that he decided to plead guilty after consulting with his lawyer about the charges in the indictment and the evidence against him. *Id*. at 31. The Court also found that Ohiri's decision was voluntary and that no one had forced him to plead guilty. *Id*.

12. At the second day of sentencing hearing, December 19, 2002, the Court read Morris' entire letter accepting responsibility. Morris wrote that he was employed at GWC from July of 1997

4

to July of 1998. His title was operations manager. He admitted that he re-created false waste manifests for off-site deposit of waste. Transcript, Sentencing, December 19, 2002 at p. 9. In the letter, Morris said Ohiri was aware of some of his criminal activities but not all. *Id*. at 9-10. After the reading of this letter, Ohiri did not ask to speak to his counsel. It is not evident that Ohiri and his counsel spoke privately after the reading of the letter. Moreover, after the reading of this letter, Ohiri apologized for what he had done and took full responsibility as CEO of the company. *Id*. at 34.

13.     Ohiri's allegation that his guilty plea was involuntary is conclusory and not supported by the record. This is true particularly in light of the fact that there is nothing in the record even suggesting that Ohiri wanted to change his plea. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996)("[R]epresentations of the defendant...as well as an finding made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conlusory allegations unsupported by specifics is subject to summary dismissal..."); *United States v. Alvarez,* ---F.3d----, 2002 W.L. 12265 *1 (10th Cir. 2002)(unpublished)(conclusory allegations...are simply insufficient to overcome his statements in open court during the plea hearing that he knowingly and voluntarily executing the guilty plea and waiver of rights.).

<u>Assistance of counsel</u>.

14.     Ohiri seems to assert that his counsel provided him effective assistance by not providing him with the agreement the government had with Morris, in not providing him a copy of Morris' responsibility letter and by coercing him into pleading guilty. To prove ineffective assistance of counsel, Ohiri must show that his attorney's performance was constitutionally inadequate and that

his attorney's constitutionally ineffective performance prejudiced him, i.e., caused him to plead guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

15. Ohiri appears to argue that Morris' letter was exculpatory and thus the government was required to produce under *Brady*. *Brady v. Maryland*, 373 U.S. 83 (1963)(suppression of evidence favorable to an accused violates due process where the evidence is material to guilt or to punishment). The letter is not exculpatory. It relates to the period of time Morris worked for GWC. Morris stopped working for GWC in July of 1998. Ohiri pled guilty to Counts 21, 23 and 25. Count 21 involved the illegal storage of hazard waste from February 13, 1998 to May 18,1999. Count 23 involved the illegal storage of hazardous waste from July 17, 1998 to October 15, 1998. Count 25 involved the illegal storage of hazardous waste from May 28, 1999 to July 27, 2001.

16. Moreover, the government is not required to produce all *Brady* material when a defendant pleads guilty. *United States v. Ruiz*, 536 U.S. 622 (2002)("the Constitution...does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."); See, e.g. *United States v. Marquez*, 49 Fed. Appx. 741, *741, 2002 WL 31439841, *1 (9th Cir. 2002)(unpublished opinion)("the government is not required to disclosure evidence favorable to the defendant prior to entering a plea agreement.")

17. To conclude, there is simply nothing in the record to support Ohiri's conclusory assertions that he did not want to plead guilty. Moreover, it is undisputed in the record that Ohiri knew of Morris' letter accepting responsibility prior to the Court imposing sentence and did not ask to Court to allow him to withdraw his plea.

### RECOMMENDED DISPOSITION

I recommend that the Ohiri's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correction by a Person in Federal Custody filed February 4, 2003 be **DISMISSED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation.  If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**